F. J. SULLIVAN, plaintiff in error, *vs.* R. R. RICHARDSON and WILLIAM KETCHUM, defendants in error.

When a question of fact is, by agreement, referred to the Court, and there is evidence on both sides of the question, the decision, be it which way it may, will not be reversed.

Motion, from Floyd county.  Decision by Judge HAMMOND, at August Term, 1857.

Francis J. Sullivan brought suit against Robert R. Richardson on a promissory note for $75, returnable to August Term, 1853; bail was required, and William Ketchum and R. D. Harvey became his sureties on the bail bond.  Bail bond dated 28th April, 1853.

The defendant Richardson was surrendered by Harvey, one of the bail, as appeared by the acknowledgment of the Deputy Sheriff, and the order of *exoneretur,* which were as follows:

Sullivan vs. Richardson and Ketchum.

F. J. SULLIVAN,  ⎫
      vs.         ⎬  *June 3d*, 1853.
R. R. RICHARDSON. ⎭

I hereby certify, that R. D. Harvey has this day surrendered up and delivered into my hands the defendant in the above stated case in discharge of himself as bail on the bail bond.                           D. D. DUKE, *D. Sh'ff.*

F. J. SULLIVAN,  ⎫
      vs.         ⎬  *Complaint.*
R. R. RICHARDSON. ⎭

On reading and filing the acknowledgment of the Sheriff of the surrender to him of the defendant in this cause by R. D. Harvey, one of his bail in his discharge; it is ordered that the said R. D. Harvey, be exonerated from his said obligation, and that an *exoneretur* be entered on said bond.

August 20th, 1853.

JOHN H. LUMPKIN, *J. S. C. C. C.*

Judgment was confessed 22d May 1854, by defendant's attorney, signed 2d June, and *fi, fa.* issued thereon 13th June, 1854, and upon the return of "no property," a *ca. sa.* was sued out, dated 18th August, 1854, returnable to November Term, 1854, of Floyd Superior Court; upon which the Sheriff returned, that "the defendant Robert R. Richardson not to be found in Floyd county.

20th October, 1854."

Whereupon plaintiff in *ca. sa.* sued out *scire facias* against Richardson and Ketchum, to show cause at the next Term of the Superior Court, why judgment should not be entered against them, as bail.

Ketchum appeared and showed for cause: First, that the Sheriff had returned the *ca. sa.* several weeks prior to the Term of the Court to which it was returnable. Second, That R. D. Harvey, who was originally a surety on said bail

bond with him, had surrendered to the Sheriff the body of defendant in *ca. sa.* in discharge of the bail.

Upon hearing cause, the Judge dismissed the *scire facias,* and held and adjudged that Ketchum was discharged from all liability on the bail bond.

At the same Term of the Court, plaintiff moved to set aside this order, dismissing the *scire facias,* upon the following grounds:

1st. Because said order was granted on the ground that Harvey one of the sureties had been discharged from liability on the bail bond, which discharge was illegal.

2d. Because the order was granted upon a misconception of the facts.

3d. Because said order was illegal, and should not have been granted.

Issue was joined on the state of facts, and the parties agreed that the Court might hear the facts and decide the case.

*Dukes,* the Deputy Sheriff, testified, that he arrested defendant on the original bail process, and Harvey and Ketchum became his sureties; that Harvey delivered defendant up, and had an *exoneretur* entered on the bail bond as to himself; that he went to Ketchum, who told him he thought Harvey was easily frightened; that although Harvey was discharged, he Ketchum, would consider himself liable on the bond, provided he, Dukes, would take him, which he did.

The Court refused the motion to set aside the order dismissing the *scire facias,* putting its decision on the ground that it appeared that the *ca. sa.* had an entry of *non est inventus,* dated before the next succeeding Term of the Court, from which the *ca. sa.* issued, and Sullivan excepted.

D. S. PRINTUP, for plaintiff in error.

HARVEY, *contra.*

Sullivan vs. Richardson and Ketchum.

*By the Court.*—BENNING, J. delivering the opinion.

The question was, whether the order discharging Ketchum, the bail, was legal?

This question was, by agreement referred to the Court on the *facts*, as well as, on the law.

Among the facts, there was, on the *ca. sa.* an entry of *non est inventus*, bearing date some time before the return Term of the *ca. sa.* This was *prima facie* evidence, that the *ca. sa.* was returned on the day of the date of the entry, and therefore that it was returned, before it ought to have been returned.

The Sheriff testified, that it was his habit to make such entries as this, on *ca. sas.*, and yet to keep the *ca. sa.* in his possession, until their return Term.

Did this testimony overcome the *prima facie* case made by the date of the entry ?

This was the question; and it was merely a question of *fact*.

The Court thought that it did not, and therefore, held that the order discharging the bail was valid.

There was evidence on both sides of the question; the evidence on neither side, was satisfactory: In such a case, what is gained by reversing the decision, whichever way that decision may be. Nothing, we think.

Therefore, we shall affirm the judgment of the Court be-below.

Judgment affirmed