THE DAHLONEGA GOLD MINING COMPANY *vs.* PURDY.

1. The judgment is supported both by the law and evidence.
2. Where a foreign corporation contracts with a machinist out of the state to come within its limits to do certain work, in case of a breach by the company the courts of this state have jurisdiction of a suit to enforce the machinist's lien as against the property upon which the work was done, located here. The case of Bawknight *vs.* The Liv. & Lon. & G. Ins. Co. 55 *Ga.*, 194, distinguished.

New trial. Jurisdiction. Foreign corporations. Before Judge LESTER. Lumpkin Superior Court. September Term 1879.

Reported in the decision.

PRICE & BAKER; MARLER & PERRY, for plaintiff in error.

WIER BOYD; W. F. FINDLEY, for defendant.

HAWKINS, Justice.

On the twentieth day of March, 1879, H. B. Purdy brought suit on a machinist's lien against the defendant, a foreign corporation, operating a gold mine in the county of Lumpkin.

It appears that the company was incorporated by the legislature of the state of New York, and on the first day of October, 1879, in the city of New York, by parol, employed Purdy, who was an expert machinist, to remove to Georgia and repair and put in good running order the gold mine works of the company; that the company was to pay Purdy fifty dollars and one thousand dollars in shares of the stock of the company per month, said stock to be transferred on the books of the company in New York. The lien was recorded as the law required, and suit brought thereon within twelve months, serving the superintendent of the corporation with process, copy, etc.

At the appearance term of the court the defendant filed pleas of the general issue, tender and forfeiture and damages, and a plea to the jurisdiction of the court.

At the September term, 1879, by agreement of the parties, the cause was tried before his honor Judge Lester as to all matters of law and fact, without a jury, and by order of said court the judge was to render judgment on the case at chambers.

Upon the trial of said cause before the judge, it was proved that said company on the first day of October, 1879, in the city and state of New York, made a contract with Purdy, agreeing to pay him fifty dollars and one thousand dollars in shares of its stock per month, if he would come to Georgia and assist in repairing and running the gold mine property belonging to said company under the superintendent then in Georgia; employed him as a machinist, mechanic, mining engineer and miner. He came to Georgia, entered upon the work and remained until the first of January under the contract, when the contract was changed to $100.00 per month, without *any shares of the stock.* On the first of March Purdy was discharged, and he brought this proceeding to recover the value of his services. The defendant claimed that the said Purdy could not recover on the contract because it was made in the state of New York, and the court had no jurisdiction to try or give judgment against a foreign corporation upon a contract made beyond its limits. That the defendant had forfeited all interest in the contract on account of intemperance while engaged in the work, insisting that the contract was, that if he became drunk while in discharge of the work he had agreed to forfeit all interest in the wages and shares.

That his conduct while in their employment, inducing the hands to quit and to sue the company, and to become insubordinate was, in law, a sufficient reply to his right to recover, with other pleas not here necessary to mention.

The Dahlonega Gold Mining Co. *vs.* Purdy.

The judge, after hearing all the evidence, rendered judgment on the suit against the defendant and the real estate of the company for the sum of five hundred dollars.

. The plaintiff in error excepts to the decision of the judge upon three grounds—

1, 2. That the judgment of the judge is contrary to law and evidence and decidedly contrary to the weight of evidence.

3. Upon the ground the judge erred in not sustaining the plea to the jurisdiction of the court.

1. In reference to the first two points, it is sufficient to say that the trial by the judge of all matters of law and fact on the agreement of the parties, invested the judge also with the province of a jury to weigh and decide upon evidence, and his judgment in such a case will not be disturbed when there was sufficient evidence to support it ; besides, in this case we think the judgment of the presiding judge is sustained by the evidence.

2. As to the plea to the jurisdiction of the court, which was the main point relied upon, it does not appear by the record or the judgement of the judge that he passed formally upon that question; nor was any motion made to dismiss the same, it appearing from the declaration that the defendant was a foreign corporation. The plea was not filed in person. Nor was it sought to be sustained on motion. See Code, §3462. This may have been the reason the judge did not pass upon the plea formally, but be that as it may, we think that the superior court of Lumpkin county had jurisdiction of the subject matter and could enforce a mechanic's lien on the property of the corporation situated in the state of Georgia. If this be not so his lien is utterly worthless. It certainly could not be enforced in the state of New York.

The case of Bawknight *vs.* The Liverpool & London Globe Insurance Company was relied on here. .

In that case plaintiff brought a suit upon a foreign

judgment—one obtained in the state of Florida, and on motion the same was dismissed. The present learned chief justice delivered the opinion of the court in which he uses the following language: "We are not aware of any case which has been decided that a foreign corpora. tion may be sued *in personam* here on a foreign judg- ment or on a contract or debt of any sort, with which the Georgia agency had no connection." See 55 *Ga.*, 195. Putting the case distinctly upon the ground that a com- mon law or any ordinary suit *in personam* could not be maintained against a foreign corporation on a contract made out of the state.

The case at bar is not a suit purely *in personam*, but is a mechanic's lien created by our law, and can only be en- forced in the state of Georgia by the process of the court against the property itself.

This was not a suit to enforce a contract made in New York, but was for damages upon the breach of a contract. The plaintiff in the court below resided in Georgia, did the work in Georgia, by his skill repaired and improved the property of the corporation, and was entitled to have this statutory remedy employed in his behalf.

Let the judgment of the court below be affirmed.