## 15415.  AMERICAN MUTUAL LIABILITY INSURANCE CO. v. ADAMS.

The findings of the industrial commission on questions of fact, if supported by any evidence, are conclusive.

The judge of the superior court did not err ˙in sustaining the award of the industrial commission, or in making that award the judgment of the superior court.

DECIDED OCTOBER 7, 1924.

Appeal; from Monroe superior court—Judge Persons.  January 24, 1924.

On May 15, 1923, John Q. Adams was driving a truck loaded with bread which he was ˙to deliver at Forsyth for his employer, American Bakeries Company, of Macon.  After reaching Monroe county the truck turned over and Adams was killed.  He left a wife and two minor children.  Application for compensation was made to the industrial commission of Georgia.  The insurance carrier was the American Mutual Liability Insurance Company. Upon a hearing of the case before Commissioner Kilburn an award ˙was entered against the insurance company "for $12.75 a week, beginning May 22, 1923, and continuing for three hundred weeks." The insurance company made application for a review by the full board of this finding, and upon a review the award was affirmed. On appeal the superior court of Monroe county passed the following order: "The foregoing appeal having come on to be heard before me this day, upon hearing argument therein and considering the entire record, the finding and award of the industrial commission of Georgia is hereby sustained and affirmed, and the judgment of the commission is hereby made the judgment of this court." To this order the insurance company excepted.

. *Frank Carter,* for plaintiff in error.

˙ *Hunter & Daly,* contra.

BLOODWORTH, J.  (After stating the foregoing facts.)  The insurance company planted its defense upon the contention that the accident which resulted in the death of Mr. Adams was caused solely by his wilful misconduct, in that at the time of the accident he was driving the truck in excess of thirty miles per hour, the maximum allowed by statute, a violation of which statute is penal.  Ga. L. 1915, Ex. Sess., p. 112, sec. 10, p. 118, sec. 22; Park's Ann. Code Supp. 1922, §§ 828 (dd), 828 (qq).  In the brief of plaintiff in

error it is urged that "it is the contention of plaintiff in error that there was not sufficient competent evidence to warrant the finding of the industrial commission. The only evidence showing that the injured party was not exceeding the speed limit was the mere opinion of his son, who was with his father but had no speedometer reading, and who merely testified that the car was running about 25 or 30 miles an hour." Here is an admission on the part of counsel for plaintiff in error that "there is some evidence" on this point. The workman's compensation act (Ga. L. 1920, p. 199, sec. 59) provides that "the findings of fact made by the commission within its power shall, in the absence of fraud, be conclusive," but it provides also that any order or decree of the commission shall be set aside if "the facts found by the industrial commission do not support the order or decree," or if "there is not sufficient competent evidence in the record to warrant the industrial commission in making the order or decree complained of." It is well established by numerous decisions of this court and the Supreme Court that the verdict of a jury supported by some evidence and approved by the trial judge will not be interfered with by the appellate courts. *Bradham* v. *State,* 21 *Ga. App.* 510 (94 S. E. 618), and cases cited. It is also true that "when a question of fact is, by agreement, referred to the court, and there is evidence on both sides of the question, the decision, be it which way it may, will not be reversed." *Sullivan* v. *Richardson,* 25 *Ga.* 154. See also *Dahlonega Gold Mining Co.* v. *Purdy,* 65 *Ga.* 498 (1); *Cunningham* v. *Schley,* 41 *Ga.* 426; *Parish* v. *Kelsey,* 13 *Ga.* 223. An appeal to the superior court from a finding of the industrial commission is analogous to an appeal from the finding of a jury or of a judge where a case is, by agreement, submitted to him to pass upon the law and the facts, and will not be set aside if there is any "competent evidence" to support it. In Hollenbach Co. *v.* Hollenbach, 181 Ky. 262 (204 S. W. 152), the 3d headnote is as follows: "The Board of Compensation is required to make a finding of fact in its award, and this finding of fact, if supported by credible evidence, will not be disturbed by a court in review. The same rule will be applied to the finding of fact of the Board of Compensation as to a verdict of a properly instructed jury, and unless the finding be clearly, flagrantly, and palpably against the weight of the evi-

dence, it will not be disturbed by a court." In Twin Peaks Canning Co. v. Industrial Commission of Utah, 57 Utah, 589 (196 Pac. 853), it was held: "On proceedings to review an award of the industrial commission under the workmen's compensation act, the court will examine the evidence only to ascertain whether there is any substantial evidence in support of the findings, and whether it has acted without or in excess of its jurisdiction." This same proposition has been announced in the opinions of appellate courts in other States. Indeed, this question has been settled by this court and by the Supreme Court. In *New Amsterdam Casualty Co.* v. *Sumrell,* 30 *Ga. App.* 682 (118 S. E. 788), Judge Bell said (p. 686): "The findings of the commission on questions of fact, if supported by *any evidence,* are conclusive." (Italics ours.) See *Travelers Ins. Co.* v. *Bacon,* 30 *Ga. App.* 728 (1) (119 S. E. 458). "Any evidence," as used above by Judge Bell, means, of course, any "competent evidence." See *London Guarantee & Accident Co.* v. *Shockley,* 31 *Ga. App.* 762 (1) (122 S. E. 99); *Ga. Casualty Co.* v. *Martin,* 157 *Ga.* 909 (122 S. E. 81).

In the case under consideration the chief witness for the insurance company was the fireman of a train which was traveling in the same direction in which the truck was going, and the chief witness for the plaintiff was the son of the deceased, who was on the truck with his father. There is no question as to the evidence of each of these witnesses being "competent evidence." Their evidence as to the speed at which the truck was traveling is in sharp conflict. The son swore, as stated above, that it was traveling from 25 to 30 miles an hour, and the evidence of the fireman was that it was going 45 to 50 miles an hour. Other witnesses also testified that the truck was running at a rate exceeding 30 miles per hour. The commissioners believed the son, as they had a right to do, and this settles the question on this point. Under the foregoing rulings and the facts of the case the judge of the superior court committed no error in sustaining the award of the industrial commission and in making it the judgment of the superior court.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*