### 30607. ÆTNA CASUALTY & SURETY COMPANY *et al.* *v.* HONEA.

570

Decided September 20, 1944.

Haas, Lyons & Hurt, for plaintiffs in error.

Hewlett & Dennis, T. F. Bowden, contra.

Sutton, P. J. Mrs. R. H. Honea filed with the State Board of Workmen's Compensation a claim for compensation for an injury sustained by her while she was an employee of J. M. High Company. Ætna Casualty & Surety Company was the insurance carrier for her employer. The hearing director found in favor of the claimant and awarded her compensation; and, on appeal, this finding and award was approved by the board. The superior court affirmed the award, and the employer and the insurance carrier excepted. The sole question for determination is whether or not the accident sustained by the claimant arose out of and in the course of her employment.

Mrs. Honea worked in the drapery department of J. M. High Company on the fourth floor. Her job was to cut and make draperies, and to sew on slip covers. She was the only witness, and testified, in substance, that she was fixing to go to lunch, and got up from her machine and went upstairs and changed her dress; that she then came back down, got her pocketbook, powdered her face, and started out through the workroom, when her feet became entangled in the upholstery fabric, which caused her to fall and injure her hip. The accident occurred September 20, 1943, about five minutes after 12 o'clock. She had an appointment downstairs at the beauty parlor on the second floor at 12:30 to get her hair set; the beauty parlor is a department of the store where she works and is located in the same building. The employees could go to lunch at any time from 12 o'clock until 3 o'clock, and she usually went at 12 o'clock, if she was not too busy, but if she was busy, she went later. She had forty-five minutes for lunch. Her job at the store was to cut and make draperies and sew slip covers. No one else was employed at that work at that time. Her pay was always the same, as she was not paid by the hour. She had closed down her machine at about 12:05 o'clock and was preparing to go to the

beauty parlor and then to lunch. She had her pocketbook on her arm, and had already taken off her work clothes and put on her street clothes, and had told Mr. Tinsley, her superior workman, that she was going to the beauty parlor, and was on her way there when she fell, some five feet from the machine where she worked. If a customer should want her while she was in the beauty parlor about something connected with the drapery department she would have been called on the telephone in the beauty shop where a telephone was available; but that had never occurred when she was in the beauty parlor. Lunch time was her own time and during her lunch time she could have gone out of the store or anywhere else, if she had wanted to; that she was then on her own time, and on this particular occasion was on the way to the beauty parlor to get her hair dressed.

In order for an injury to be compensable under the terms of the workmen's compensation act, it must have been occasioned "by accident arising out of and in the course of the employment." Code, § 114-102. An accident arises in the course of the employment, within the meaning of the act, "when it occurs within the period of the employment, at a place where the employee reasonably may be in the performance of his duties, and while he is fulfilling those duties or engaged in doing something incidental thereto. . . An accident arises 'out of' the employment when it arises because of it, as when the employment is a contributing, proximate cause. This and the conditions stated above must concur before the act can apply." *New Amsterdam Casualty Co.* v. *Sumrell,* 30 *Ga. App.* 682 (2 a) (118 S. E. 786); *Keen* v. *New Amsterdam Casualty Co.,* 34 *Ga. App.* 257 (129 S. E. 174); *Bibb Mfg. Co.* v. *Alford,* 51 *Ga. App.* 237 (179 S. E. 912); *Employers Liability Assurance Corp.* v. *Woodward,* 53 *Ga. App.* 778 (187 S. E. 142); *Lumbermen's Mutual Casualty Co.* v. *Babb,* 67 *Ga. App.* 161, 164 (19 S. E. 2d, 550). And in this kind of a case the burden is on the claimant to prove that the injury for which compensation is sought arose out of and in the course of the employment before compensation can be awarded legally to the claimant. While it has been ruled in numerous decisions of the Supreme Court and of this court, that findings of fact by the State Board of Workmen's Compensation, if supported by any competent evidence, are conclusive, in the absence of fraud, and can not be set aside by the courts; still, where there

is no conflict in the evidence and but one legal conclusion can be reached therefrom, and that is, that the accident causing the injury to the claimant did not arise out of and in the course of the employment, then a finding by the board granting compensation can, and under the law, should be set aside by the court.

Unquestionably, the evidence in the present case shows that the claimant was injured during her lunch-hour period, while she was going from the room on the fourth floor of the building where she worked to the beauty parlor on the second floor where she had an appointment to have her hair dressed. She testified that she had closed the machine where she worked, had gone upstairs and changed her dress and had come back down to the room where she worked and got her pocketbook and powdered her face, and had started out through the workroom, on her way to the beauty parlor, when her feet became entangled in the upholstery fabric and she fell and injured her hip. She testified that she had forty-five minutes for lunch, during which time she could go where and do what she pleased—that the lunch-hour period was her own time.

In *Ocean Accident & Guaranty Corp.* v. *Farr,* 180 *Ga.* 266 (178 S. E. 728), Farr, a steam fitter and plumber, was engaged by his employers in renovating boilers in the basement of a building in Savannah, and, in preparation to eat his lunch during a thirty-minute lunch period, had gone to the first floor of the building to wash his hands, and, while going down the stairs on his way back to the basement to eat his lunch, fell and was injured. The Supreme Court held: "His preparation for lunch and his eating lunch was his individual affair. It was not a part of his employer's work. Seckinger [the employer] testified that he was not required to eat his lunch in the basement or in the building. The director was authorized to find that the 'noon time' was Farr's to employ as he should choose and eat his lunch where he pleased, and that the accident arose out of his individual pursuit and not out of his employment."

In *Employers Liability Assurance Corp.* v. *Woodward,* supra, the claimant was employed as a seamstress in a hotel where she worked in the sewing room, and she also ate her meals in the hotel. She received an injury from a fall in the hotel during the lunch hour, while she was off for lunch, and it was held that she was not entitled to compensation, as the accident did not arise out of and in

the course of her employment. In *Austin* v. *General Accident &c. Assurance Corp.*, 56 *Ga. App.* 481 (193 S. E. 86), an elevator operator at the Henry Grady Hotel was injured during a fifteen-minute rest period, when she went to the basement of the hotel to get a drink of water, and compensation was denied on the ground that the accident did not arise out of and in the course of her employment. In *Independence Indemnity Co.* v. *Sprayberry*, 171 *Ga.* 565 (156 S. E. 230), it was held that the claimant, who was a housekeeper and an employee of a hotel, and who was injured in the elevator of the hotel while on the way from the room of a guest where she had been visiting to her own room to get her coat and hat to go out for a ride with one of the guests of the hotel, was not entitled to compensation for the reason that the claimant failed to carry the burden of showing that the accident arose out of and in the course of her employment. For similar rulings, see *U. S. Casualty Co.* v. *Scott*, 51 *Ga. App.* 115 (179 S. E. 640); *Welsh* v. *Ætna Casualty & Surety Co.*, 61 *Ga. App.* 635 (7 S. E. 2d, 85); *Roper* v. *American Mutual Liability Ins. Co.*, 69 *Ga. App.* 726 (26 S. E. 2d, 488).

Under the facts of this case and the law applicable thereto, a finding was demanded that the injury sustained by the claimant did not arise out of and in the course of her employment, within the meaning of the workmen's compensation law. Consequently, it follows that the award by the State Board of Workmen's Compensation was not authorized by the evidence, and that the judge of the superior court erred in affirming the award.

*Judgment reversed. Parker, J., concurs. Felton, J., dissents.*