30741. GAY *v.* ÆTNA CASUALTY & SURETY CO. *et al.*

DECIDED FEBRUARY 17, 1945.

*Crenshaw, Hansell & Ware,* for plaintiff.
*Haas, Lyons & Hurt,* for defendants.

SUTTON, P. J. Miss Nancy Gay filed a claim for compensation with the State Board of Workmen's Compensation against her employer, E. K. Partridge Inc., and the insurance carrier, Ætna Casualty & Surety Company, on account of an injury sustained by 'her, which she claimed arose out of and in the course of her employment. The hearing director found in favor of the claimant and awarded her compensation; and, on appeal, his finding and award were approved by a majority of the board, with one director dissenting. The superior court reversed the award, and the claimant excepted.

The only question presented for determination is whether or

not the injury sustained by the claimant. arose out of and in the course of the employment.

The claimant testified that she was employed on the third floor of her employer's building as a seamstress, and between 9 and 10 o'clock in the morning of February 8, 1944, she started down the steps on the inside of the building and fell three or four steps; that she was leaving the premises because the motor had broken down and she did not have any work to do; that she had been excused by the forelady for about three hours for lunch; that she worked by the piece; that Mrs. Herron was with her and that the reason they were going out was because the machine was broken down and they were going to take lunch and they asked the forelady to excuse them; that they had changed from their work clothes to street clothes before they went out; that she was fifty-seven years old, and was making $21 a week.

Mrs. Carl Copeland testified that she was the general manager of the sewing department and had supervision over the claimant; that when one department breaks down that closes them down until it is cleared up, and on the claimant's line the machine had broken and that instead of staying in the building, the employees asked if they might go out and she gave them permission to do that and told them to come back when the work was ready, which would be about a quarter to one; that she did not have any work for them to do on the premises; that where the accident happened was not on the third floor but there was no way to get out of the building except this stairway, which was the regular way out; that Mrs. Herron and the claimant did not say they were going out for lunch, but asked if they might stay out for lunch as they were going out and she told them she thought it would be all right.

Mrs. Frances J. Herron testified that she worked in the same department with the claimant, and that they left the place together on the morning of the claimant's injury; that they did not have any work to do, because the motor was broken down, and they were excused to come back after lunch; that they were not excused because they wanted to do a personal errand, but that they did not have any work to do; that while she was out she thought she would go to the post office and mail a letter and she would not be on the company's business.

We are of the opinion, as the trial judge was, that the uncontroverted facts in the present case bring it squarely within the

124

rulings made in *Ætna Casualty & Surety Co.* v. *Honea,* 71 *Ga. App.* 569 (31 S. E. 2d, 421), and this case is controlled by the decision in the *Honea* case and the cases therein cited. It is well-settled law, that before compensation can be legally awarded to a claimant under the terms of the workmen's compensation act, the injury complained of must have been occasioned by an accident arising out of and in the course of employment. Code, § 114-102. And the burden in such a case is on the claimant to prove that the injury for which compensation is sought arose out of and in the course of the employment. In the *Honea* case, the claimant was injured during her lunch time, while going from the room on the fourth floor of the building where she worked to the second floor of the same building to have her hair dressed. The noontime lunch period of forty-five minutes was hers to do with as she chose. She could go out of or remain in the building during that time, as she pleased. She was then on her own time, and not on her employer's time; and it was held that her injury was not compensable, as she was not about her master's business when injured and the accidental injury did not arise out of and in the course of her employment. The evidence in the present case is set out above and the uncontroverted facts show that the claimant's injury did not arise out of and in the course of her employment within the meaning of the workmen's compensation law. She was a seamstress and the machine on the third floor of the building where she worked had broken down and she had no work to do; she had been excused, at her own request, by the manager of that department for a period of about three hours for lunch; and she was accidentally injured during that period while going down the steps on her way out of the building. At the time of the injury the claimant was not doing anything in furtherance of her employer's business, but had been excused for a period of three hours and during which time she could eat lunch and go where she pleased. She was on her own time when injured, and was not engaged in work for her employer. It would make no difference whether the claimant was injured during a rest period of thirty minutes, or during her lunch period of forty-five minutes or during a lunch time and rest period of three hours, if the claimant was injured while on her own time and while not engaged in any way in her employer's business, the same

principles of law as ruled in the *Honea* case and the cases therein cited are applicable and controlling, and compensation can not legally be awarded under the terms of the workmen's compensation act, because such accidental injury did not arise out of and in the course of employment.

Counsel for the plaintiff in error have ably presented the claimant's theory of this case in their brief and we have carefully considered their argument and the principles of law therein contained and cited. We are fully aware of the well-established rule in respect to the finality and binding effect of the findings and award of the State Board of Workmen's Compensation, when supported by any competent evidence; but as was said in the *Honea* case: "While it has been ruled in numerous decisions of the Supreme Court and this court, that findings of fact by the State Board of Workmen's Compensation, if supported by• any competent evidence, are conclusive, in the absence of fraud, and can not be set aside by the courts; still, where there is no conflict in the evidence and but one legal conclusion can be reached therefrom, and that is, that the accident causing the injury to the claimant did not arise out of and in the course of the employment, then a finding by the board granting compensation can, and under the law, should be set aside by the court."

We have not overlooked the principle stated in 71 C. J. 716, § 445, and the case of Cudahy Co. *v.* Parramore, 263 U. S. 418 (44 Sup. Ct. 153, 68 L. ed. 366, 30 A. L. R. 532), cited by counsel for the plaintiff in error; but the present case, under its facts, is controlled by the *Honea* case, and the decisions of the Supreme Court and this court therein cited.

Under the undisputed facts of this case, a finding was demanded that the injury complained of did not arise out of and in the course of the employment; and, consequently, the award by the State Board of Workmen's Compensation was not authorized and the judge of the superior court did not err in setting it aside.

*Judgment affirmed. Parker, J., concurs.*

FELTON, J., dissenting. I think that under the facts of the case the injury was compensable. The facts bring the case within the rule that an injury sustained by an employee while going to or from his place of work *upon premises owned or controlled by his employer* are compensable. 49 A. L. R. 426; 82

A. L. R. 1043. Since these annotations there have been numerous decisions from all over the United States following or repeating the general rule. Some of these cases are in point and are referred to below. In Evans *v.* Workmen's Compensation Commissioner, 124 W. Va. 336 (20 S. E. 2d, 172), compensation was granted where the employee, on completing his work for the day, started home, traveling in his automobile on a private road of the employer used by employees in going to and from their work, and was struck by a train at a crossing. So also in Murphy *v.* Wells-Lamont-Smith Corp. (Mo. App.) 155 S. W. 2d, 284, where the employee was injured on the employer's premises while going to work. Hofker *v.* Crocker-Wheeler Electric Mfg. Co., 18 N. J. Misc. 335 (13 Atl. 2d, 489), where the employee was injured while leaving the employer's building. Jenkins *v.* Glen Alden Coal Co. 126 Pa. Super. 326 (191 Atl. 227), where the employee was injured while leaving the premises. Wilson Garment Manufacturing Co. *v.* Edmonds, 312 Ill. App. 317 (38 N. E. 2d, 534), where the employee was leaving the place of work on an elevator provided by the employer. Skeen *v.* Sunshine Mining Co., 60 Idaho 741 (96 Pac. 2d, 497), where the employee was injured going to work over one of optional passageways. In D. A. Y. Construction Co. *v.* Smallwood, 104 Ind. App. 277 (10 N. E. 2d, 750), the court stated that it was well settled " that the period of employment generally includes a reasonable time for ingress to and egress from the place of work, while on the employer's premises." For similar rulings see: Park Utah Consolidated Mines *v.* Industrial Commission, 103 Utah 64 (133 Pac. 2d, 314) ; E. I. du Pont de Nemours & Co. *v.* Redding (Okla.), 147 Pac. 2d, 166; Spellman *v.* Industrial Commission, 73 Ohio App. 369 (51 N. E. 2d, 414) ; Fireman's Fund &c. Co. *v.* Industrial Accident Commission, 61 Cal. App. (2d) 335 (143 Pac. 2d, 104) ; Rhinehart *v.* T. Smith & Son (La. App.) 14 So. 2d, 287; California Casualty &c. Exch. *v.* Industrial Accident Commission, 21 Cal. (2d) 751 (135 Pac. 2d, 158) ; Bountiful Brick Co. *v.* Giles, 276 U. S. 154 (48 Sup. Ct. 221, 72 L. ed. 507, 66 A. L. R. 1402) ; Cudahy Co. *v.* Parramore, 263 U. S. 418 (supra). The facts of this case clearly bring it within the rule applying to an employee who is leaving work at the end of the day. I can see no distinction between the two situations so far as the relationship of the act

to work or the employee's subjection to a hazard on the premises not shared by the general public are concerned. We have not attempted to cite all cases in point nor have we cited any of the dozens of cases stating the general rule since the date of the A. L. R. annotations cited above. I think the cases cited by the majority are distinguishable. I must admit that the distinction between this case and the *Farr* case, 180 *Ga.* 266 (178 S. E. 728), is slight, but to extend the ruling in that case any further is, in my opinion, to alter further the spirit and intent of the compensation law.