31619. GLENS FALLS INDEMNITY COMPANY *et al. v.* CLARK.

DECIDED JUNE 27, 1947. REHEARING DENIED JULY 16, 1947.

Newell Edenfield, Powell, Goldstein, Frazer & Murphy, Ernest J. Haar, for plaintiffs in error.

Wylly & Javetz, contra.

SUTTON, C. J. (After stating the foregoing facts.) The material facts in this case, with respect to the employment of the claimant by the employer and the conditions of such employment, are not in dispute. Both the employer and the claimant testified with reference to such employment, and there is no material conflict in their testimony. Based on the testimony of these parties, the hearing director reached a conclusion that the claimant was an independent contractor and not an employee, and entered an award denying compensation. The judge of the superior court held, when the case was before him on appeal, that the facts in the case, as disclosed by the record, showed conclusively that the claimant was an employee at the time he was injured, and that the accident arose out of and in the course of his employment, and he entered a judgment reversing the finding and award of the hearing director and remanding the case to the State Board of Workmen's Compensation for further proceedings.

It is well-settled law that a finding of fact by the State Board of Workmen's Compensation is controlling on the superior court, and on this court on appeal, in the absence of fraud, where such finding is supported by any competent evidence. Code, § 114-710; American Mutual Liability Ins. Co. v. Adams, 32 Ga. App. 759 (124 S. E. 801); Maryland Casualty Co. v. England, 160 Ga. 810 (129 S. E. 75). But where the award of the State Board of Workmen's Compensation is based upon an erroneous conclusion drawn from the facts and the law applicable thereto, it is proper for the judge of the superior court to reverse such award and enter such judgment in the case as is proper under the law and the facts as disclosed by the record in the case. Bituminous Casualty Corp. v. Elliot, 70 Ga. App. 325 (28 S. E. 2d, 392); American Mutual Liability Ins. Co. v. Harris, 61 Ga. App. 319 (6 S. E. 2d, 168); Ætna Casualty & Surety Co. v. Honea, 71 Ga. App. 569 (4) (31 S. E. 2d, 421); Gay v. Ætna Casualty & Surety Co., 72 Ga. App. 122 (33 S. E. 2d, 109).

"In claims for compensation under the Workmen's Compensation Act, where the question is whether the injured person, or the person under whom he was working, occupied the relation of an employee or of an independent contractor towards the alleged employer, the line of demarkation is often so close that each case must be determined upon its own particular facts." *Liberty Lumber Co.* v. *Silas,* 49 *Ga. App.* 262 (175 S. E. 265); *Durham Land Co.* v. *Kilgore,* 56 *Ga. App.* 785 (194 S. E. 49). And "in determining whether a claimant in a workmen's compensation case is an employee and subject to the act, or an independent contractor and not so subject, any doubt is to be resolved in favor of his status as an employee rather than an independent contractor." *Liberty Mutual Insurance Co.* v. *Henry,* 56 *Ga. App.* 868, 870 (194 S. E. 430), and citations. "The test to be applied in determining whether the relationship of the parties under a contract for the performance of labor is that of employer and servant, or that of employer and independent contractor, lies in whether the contract gives, or the employer assumes, the right to control the time, manner, and method of executing the work, as distinguished. from the right merely to require certain definite results in conformity to the contract." *Yearwood* v. *Peabody,* 45 *Ga. App.* 451 (2) (164 S. E. 901); *Macon News Printing Co.* v. *Hampton,* 192 *Ga.* 623, 624 (15 S. E. 2d, 793).

We think that the evidence in this case demanded a finding that the claimant was an employee of John R. Clark Jr. at the time of the injury, and that the injury arose out of and in the course of his employment. The fact that the claimant was paid, or was to be paid $10 a day for his services, and was to work for the employer on such days as the claimant was not employed in his own business, did not change the relationship from that of an employee to that of an independent contractor. Under the testimony of the employer, which was corroborated by that of the claimant, the claimant was employed to go and get a truck of the employer and bring it to the employer's repair shop, where the claimant and the other employees of the alleged employer would repair it; that the claimant was to receive, in addition to the sum allowed him for the use of his truck on that particular trip, the sum of $10 a day for his labor, and that he was supposed to work a reasonable number of hours, presumably eight, each day for this

sum; that he was instructed by the employer on the morning the claimant was injured to go to the repair shop of the employer and get the tires that were to go on the truck which he was to repair, and also a chain to be used in towing the truck back; that he was engaged at work in the repair shop of the employer with equipment furnished by the employer at the time he was injured, and that the work which the claimant was then doing was the first work necessary to repair the truck of the employer; that the employer was sending another employee along with the claimant after the truck, and that neither was in charge but both the claimant and this other employee were to work together in getting the truck and in bringing it back to the employer's place of business; that the employer, while the claimant was at work in the employer's repair shop as a mechanic, had or assumed the right to direct the time and manner of executing the work, for the employer would change the claimant from one piece of work to another, and would place other employees to help the claimant and direct or cause the claimant to do many different jobs while at work in the repair shop; and that the claimant was not paid for each job or piece of work which he did for the employer, but was paid a stated wage of $10 a day for his labor.

The judge of the superior court properly reversed the award of the single director and remanded the case to the State Board of Workmen's Compensation for further determination in accordance with such ruling and judgment.

*Judgment affirmed. Felton and Parker, JJ., concur.*