## 32152. BITUMINOUS CASUALTY CORPORATION et al. v. WILKES.

DECIDED OCTOBER 14, 1948.

*D. S. Cowart, T. Elton Drake,* for plaintiffs in error.
*John P. Rabun,* contra.

SUTTON, C. J. (After stating the foregoing facts.) The controlling question in this case is whether or not there is any evidence to support the finding of the hearing director, as affirmed by the full board and the superior court, that the relationship of employee and employer existed between the claimant and the Board of Commissioners of Roads and Revenues of Tattnall County at the time of the accident, which admittedly arose out of and in the course of the claimant's employment.

It is settled that a finding of fact by the State Board of Workmen's Compensation is controlling on the superior court and on this court on appeal, in the absence of fraud, where such finding is supported by any competent evidence. Code, § 114-710; *American Mutual Liability Ins. Co.* v. *Adams,* 32 *Ga. App.* 759 (124 S. E. 801) ; *Maryland Casualty Co.* v. *England,* 160 *Ga.* 810 (129 S. E. 75). "In claims for compensation under the Workmen's Compensation Act, where the question is whether the injured person, or the person under whom he was working, occupied the relation of an employee or of an independent contractor toward the alleged employer, the line of demarcation is often so close that each case must be determined upon its own particular facts." *Liberty Lumber Co.* v. *Silas,* 49 *Ga. App.* 262 (175 S. E. 265) ; *Durham Land Co.* v. *Kilgore,* 56 *Ga. App.* 785 (194 S. E. 49). "In determining whether a claimant in a workmen's compensation case is an employee and subject to the act, or an independent contractor and not so subject, any doubt is to be resolved in favor of his status as an employee rather than an independent contractor." *Liberty Mutual Insurance Co.* v. *Henry* 56 *Ga. App.* 868, 870 (194 S. E. 430), and citations. "The test to be applied in determining whether the relationship of the parties under a contract for the performance of labor is that of employer and servant, or that of employer and independent contractor, lies in whether the contract gives, or the employer assumes, the right to control the time, manner, and method of executing the work, as distinguished from the right merely to require certain definite results in conformity to the contract." *Year-*

*wood* v. *Peabody*, 45 *Ga. App.* 451 (2) (164 S. E. 901) ; *Cooper* v. *Dixie Construction Co.*, 45 *Ga. App.* 420 (2) (165 S. E. 152). In *New Amsterdam Casualty Co.* v. *Sumrell*, 30 *Ga. App.* 682, 684 (118 S. E. 786), the method of compensation is given as one of the circumstances for consideration in determining whether the relation of employer and employee exists, and in *Glens Falls Indemnity Co.* v. *Clark*, 75 *Ga. App.* 453 (43 S. E. 2d, 752), payment of daily wages was one of the factors given consideration. "One of the usual and ordinary tests, and in many instances, the decisive test, which stamps one engaged in performing work an employee rather than an independent contractor, is the fact that wages are paid, and that upon an hourly, daily, or weekly basis." C. R. Meyer & Sons Co. *v.* Grady, 194 Wis. 615, 623 (217 N. W. 408).

Wilkes was allowed to employ help in dismantling the bridge and to pay $.50 per hour therefor, but this was permitted because such help was not available to the county commissioners, and they limited and controlled his right to do this by specifying the amount per hour that could and would be paid for this help. The claimant was also being paid by the hour for his own labor, and it is inferable that if the charges for his services, that of his help, and the equipment and materials furnished, were not in keeping with the results accomplished, his employment could have been terminated at any time by the commissioners without any liability other than for time already spent on the work, and equipment and materials furnished. While the evidence shows that the charges for the work performed were accepted and paid by the commissioners without question, still they could have controlled the work to the extent of verifying the accuracy of these charges, had it been so desired. The evidence authorizes the finding of the hearing director that the relationship of the claimant to the Board of Commissioners of Roads and Revenues of Tattnall County was that of an employee under the provisions of the Workmen's Compensation Act at the time he sustained injuries arising out of and in the course of his employment, and, inasmuch as this award was affirmed by the full board on appeal, the superior court did not err in affirming the award of the State Board of Workmen's Compensation.

*Judgment affirmed. Felton and Parker, JJ., concur.*