32300. BITUMINOUS CASUALTY CORPORATION *et al. v.* SOUTHWELL.

DECIDED FEBRUARY 11, 1949.

*T. Elton Drake,* for plaintiffs in error.
*J. F. Pruitt, E. C. Brannon,* contra.

SUTTON, C. J. This case arose under the Workmen's Compensation Law and the only question for determination is whether or not the claimant was working as an employee or an independent contractor at the time he was accidentally injured.

The evidence shows that Carl W. Southwell, the claimant, was a plumber and electrician by trade and that he had been working

for Ted Copeland at intervals for several years prior to the time of the injury complained of. They both lived at Dahlonega, Georgia, and in January, 1948, Copeland had some electrical work to be done at a dry kiln which he owned and operated there; and, on January 6, 1948, while engaged in that work and while inserting a conduit pipe through a hole in the brick wall of the dry kiln building, the claimant was accidentally thrown from a stepladder and his right leg was broken. Claimant worked for other people and on different jobs, but he worked for Ted Copeland more than any one else and was subject to his call. He worked on an hourly basis and was paid $1.50 per hour for his work; he kept his own time and would report this to Copeland, who paid him by the hour, as just stated. Copeland testified that the claimant was his employee, that he regarded him as such and so listed him on his pay roll, and that he did not regard or treat him as an independent contractor. The evidence showed that the injury sustained by claimant arose out of and in the course of his employment, and it was stipulated that his average weekly wage at the time of said injury was $20. The single director found as a matter of fact that the claimant was an employee of Ted Copeland at the time he sustained the accidental injury and that said injury arose out of and in the course of his employment; and compensation was awarded in favor of the claimant against Ted Copeland as employer, and the Bituminous Casualty Corporation, insurance carrier, at the rate of $10 per week for a period not exceeding 185 weeks, or until a change in condition, etc. On appeal this award was affirmed by the full board (State Board of Workmen's Compensation) and then by the Judge of the Superior Court of Lumpkin County. The insurance carrier and the employer excepted.

We think the evidence in this case was sufficient to authorize the single director to find that the claimant was an employee of Ted Copeland at the time he received the accidental injury for which he claims compensation. The other essential facts necessary to authorize the finding and award of the State Board of Workmen's Compensation in favor of the claimant are not contested. It is well settled that a finding of fact by the State Board of Workmen's Compensation, when supported by any competent evidence, is, on appeal, controlling on the superior court and on

this court, in the absence of fraud. The case at bar is controlled by the recent decision of this court in the case of *Bituminous Casualty Corporation* v. *Wilkes*, 77 *Ga. App.* 764 (49 S. E. 2d, 916), and the cases therein cited. The finding and award of the State Board of Workmen's Compensation in favor of the claimant were authorized by the evidence and the judge of the superior court did not err in affirming the same.

*Judgment affirmed. Felton and Parker, JJ., concur.*