35569. AETNA CASUALTY & SURETY COMPANY *et al.* v. WATSON.

35570. AETNA CASUALTY & SURETY COMPANY *et al.* v. VICKERS.

CARLISLE, J. 1. In workmen's compensation cases the burden of proof is on the claimant to show that the injury to the employee arose both out of and in the course of his employment. *Aetna Casualty & Surety Co.* v. *Honea*, 71 *Ga. App.* 569 (2) (31 S. E. 2d 421); *McClain* v. *Travelers Ins. Co.*, 71 *Ga. App.* 659 (31 S. E. 2d 830); *Gay* v. *Aetna Casualty & Surety Co.*, 72 *Ga. App.* 122 (33 S. E. 2d 109); *Harper* v. *National Traffic Guard Co.*, 73 *Ga. App.* 385 (36 S. E. 2d 842).

2. "No compensation shall be allowed for an injury or death due to the employee's wilful misconduct, including intentionally self-inflicted injury, or growing out of his attempt to injure another, or due to intoxication or wilful failure or refusal to use a safety appliance or perform a duty required by statute, or the wilful breach of any rule or regulation adopted by the employer and approved by the . . . [State Board of Workmen's Compensation], and brought to the knowledge of the employee prior to the accident. *The burden of proof shall be upon him who claims an exemption or forfeiture under this section.*"

3. Either of the burdens enumerated in divisions 1 and 2 may be established

by circumstantial evidence if such evidence is sufficient to exclude every other reasonable hypothesis. See, in this connection, *American Mutual Liability Ins. Co.* v. *Harden,* 64 *Ga. App.* 593 (13 S. E. 2d 685).

4. Although the evidence to support either of the two burdens enumerated in divisions 1 and 2 may be meager and conflicting, the findings of fact of the State Board of Workmen's Compensation are conclusive upon the courts of this State. *Mitcham* v. *Singleton,* 50 *Ga. App.* 457 (178 S. E. 465); *American Mutual Liability Ins. Co.* v. *Sisson,* 198 *Ga.* 623 (32 S. E. 2d 295), and citations.

5. Under an application of the foregoing principles of law to the evidence in this case, the superior court did not err in affirming the award of the State Board of Workmen's Compensation, granting compensation, in either of the two cases. From all the evidence and reasonable inferences to be drawn therefrom, the State Board of Workmen's Compensation was authorized to find that Mr. Watson and Mr. Vickers worked out of Atlanta for the Davey Tree Expert Company; that in August 1953 they were engaged on a job for the company in LaGrange, Georgia; that Mr. Watson worked under the supervision of Mr. Vickers, who was the foreman on the job there; that during the course of their employment there, they needed an additional quantity of tree fertilizer, and Mr. Vickers telephoned his superior in Atlanta and informed him that he thought he was going to need the fertilizer, and his superior informed or instructed him that, when he needed it, to wire him and he would have the fertilizer delivered to him immediately; that later Mr. Vickers found that he needed the fertilizer and took the company's truck, over which he had control and supervision, and he and Mr. Watson proceeded to Atlanta for the fertilizer; and that, during the course of their journey to Atlanta and after their arrival at night in Atlanta, both Mr. Watson and Mr. Vickers consumed about five cans of beer each, which did not intoxicate either of them. The following morning they loaded approximately 1,000 pounds of the fertilizer on the truck from the company's place of storage and proceeded to La-Grange, with Mr. Vickers driving. They stopped in East Point and purchased oil for the truck and two cans of beer each and drank them. Just beyond East Point, Mr. Vickers, wishing to go to sleep, turned the truck over to Mr. Watson. The beer intoxicated neither of them, but Mr. Vickers, who was fatigued from several days of working approximately thirteen hours a day, went to sleep. South of Newnan, on the LaGrange highway, Mr. Watson, while Mr. Vickers was asleep, turned the truck around and started back in the direction of Newnan and, while driving at a speed of somewhere between forty and sixty miles per hour, he wrecked the truck causing himself such injuries that he never regained consciousness and from which he died several days later, and causing Mr. Vickers enumerated injuries which occasioned his hospitalization for several weeks. As air was heard to be escaping from one of the tires on the truck prior to the wreck and there were no tire tools on the truck, and as the nearest place which repaired tires was in the direction in which Mr. Watson was driving, it is such a reasonable inference as to exclude all other reasonable hypotheses that Mr. Watson turned the truck around and was driving in the direction of Newnan to have the tire repaired; and this being

so, it follows that both he and Mr. Vickers were at a place where they might reasonably have been expected to be in the performance of their duty of transporting the fertilizer, and that their accident arose out of and in the course of their employment. While it is true that Mr. Vickers disobeyed his superior in going for the fertilizer, Mr. Vickers testified that his going for the fertilizer was the usual procedure and his breach of his superior's order was not such a violation of a rule or regulation as is contemplated by Code § 114-105, and the board was authorized to find that neither Mr. Vickers nor Mr. Watson was guilty of wilful misconduct within any of the meanings of that section.

*Judgments affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED MARCH 17, 1955.

*Marshall, Greene & Neely,* for plaintiffs in error.
*Charlie L. Parker, Sr., Harry E. Monroe,* for Carol S. Watson.
*Cullen M. Ward, Maurice H. Hilliard,* for D. E. Vickers.