36322. DAVISON-PAXON COMPANY *et al. v.* FERGUSON.

DECIDED OCTOBER 23, 1956.

*John M. Williams,* for plaintiff in error.
*Russell M. Striplin, Harry L. Greene, Burt DeRieux,* contra.
QUILLIAN, J.   1. The defendants contend that the claimant

was not an employee of the company, but was an independent contractor and subject to the control of no one. The test of whether or not a person is an independent contractor is whether the person employed to perform the work was, under the contract, to be free from the control of his employer as to the manner in which he performed the details of the work. *Liberty Mutual Ins. Co.* v. *Henry,* 56 *Ga. App.* 868 (194 S. E. 430); *Glens Falls Indemnity Co.* v. *Clark,* 75 *Ga. App.* 453 (43 S. E. 2d 752); *Bituminous Casualty Corp.* v. *Wilkes,* 77 *Ga. App.* 764 (49 S. E. 2d 916). In the present case the claimant was instructed as to where and when she would begin work, the amount of luggage she would be allowed to carry on the trip, what clothes she would wear and how they were to be fitted, the place where she would give the show and the time when it was to be given, and even where she would eat her meals. In *Metropolitan &c. Ins. Co.* v. *Huhn,* 165 *Ga.* 667 (142 S. E. 121, 59 A. L. R. 719), the Supreme Court held that a professional baseball player was an employee within the meaning of the Georgia Workmen's Compensation Act. Certainly this claimant's actions were controlled as to the details of her work more than are those of a professional baseball player. Therefore, we cannot agree with the defendants that the claimant was not an employee within the meaning of that act.

2. The only remaining question is whether the claimant's injuries arose out of and in the course of her employment. The defendants insist that the claimant withdrew from her employment when she selected transportation other than that furnished by the employer. The defendants rely heavily on *Martin* v. *State Highway Board,* 54 *Ga. App.* 856, 858 (189 S. E. 614), in which it was held: "The rule that an employee is injured in the course of his employment, within the workmen's compensation act, when at the time of the accident he is being transported to or from his work by his employer as a part of the contract of employment, is not applicable where the means of transportation or the way was provided by the employer, and where the employee did not choose to avail himself of the means of such transportation, and sustained harm by being or attempting to be transported on his way home to Waycross, a city where division headquarters happened to be located, by a conveyance furnished by another employee and selected by the employee him-

self." But in the same case it is also stated: "This case is distinguishable from that line of cases where the employee is injured while driving his own car, or while going in a conveyance selected by him from a place where the claimant was required to report to work, or from which transportation by the employer is to begin, and thence going to the actual place of work. Department of Public Works v. Industrial Accident Com., 128 Cal. App. 128 (16 Pac. 2d 777)."

In the California case the employee drove his automobile with the knowledge and consent of the foreman and the trip began after the employer's work day had started. In the case at bar, the claimant was riding with a fellow employee with the knowledge and consent of her employer who was in direct supervision of the motorcade. The claimant had reported for work at 9 o'clock and was thereafter in the performance of her duties, which involved traveling to Sea Island. The line of authorities dealing with the status of employees while going to and from work are not applicable to this case. While traveling to Sea Island the claimant was in the course of her employment and her injuries were sustained while she was actively discharging the duties of her employment. Therefore, the claimant's injuries were sustained as the result of an accident which arose out of and in the course of her employment.

The trial judge did not err in sustaining the award of the State Board of Workmen's Compensation.

*Judgment affirmed. Felton, C.J., and Nichols, J., concur.*