## 23619. MARYLAND CASUALTY COMPANY et al. v. SANDERS.

STEPHENS, J. 1. An injury which arises out of the conditions under which it is necessary for an employee to work, in the performance of the duties of the contract of employment, is an injury which arises out of the employment. Where one of the conditions is that the room in which the employee works, in the discharge of the duties of the contract of employment, be heated, an injury to the employee which is caused while he is in the performance of his duties, from burns received by the accidental igniting of his clothes from an open fire by which the room is heated, is an injury which arises out of and in the course of the employment. Re Annie McNicol, 215 Mass. 497 (102 N. E. 697, L. R. A. 1916A, 306); 1 Schneider's Workmen's Compensation Law (2d ed.), § 262.

2. Preparations by the employee at the place of employment, to begin the work for which he is employed, is a part of the duties of the employment. L. R. A. 1916A, 237, note; Rayner v. Sligh Furniture Co., 180 Mich. 168 (146 N. W. 665, L. R. A. 1916A, 22, Ann. Cas. 1916A, 386); 1 Schneider's Workmen's Compensation Law (2d ed.), § 268; Rish v. Iowa Portland Cement Co., 186 Iowa, 443 (170 N. W. 532); Western Coal & Mining Co. v. Industrial Commission, 296 Ill. 408 (129 N. E. 779).

3. Where, among the duties of a school principal which are within the contemplation of his contract of employment, are the correction of papers and the making of preparations for lessons, which must necessarily be performed outside of school hours and are performed in a room provided by the principal, which, although it is his bedroom, is used as a place for keeping the school records, and is furnished with a desk and chair, and is used by him as an office for the purpose of performing the duties indicated, and where it is necessary, for his personal comfort while in the performance of these duties, that the room be heated, the performance of the duties in a heated room is their performance under a condition contemplated in the contract of employment. Where, after a fire has been made during cold weather in the fireplace in the room, in order to make the room comfortable for the performance of these duties which he intends to perform, his clothes become ignited from the fire in the fireplace and severe burns are inflicted upon his body, the injuries thus sustained arise out of and in the course of the employment, and are compensable under the workmen's compensation act. See Sundine v. London Guarantee & Accident Co., 218 Mass. 1 (105 N. E. 433, L. R. A. 1916A, 318); Rish v. Iowa Portland Cement Co., supra; Brown v. Decatur, 188 Ill. App. 147 (7 Negligence & Compensation Cases, 418); 12 Negligence & Compensation Cases, 664, note; 12 Negligence & Compensation Cases, 901, note; Employer's Liability Assurance Cor. v. Henderson, 37 Ga. App. 238 (139 S. E. 688).

4. Where, on a hearing before the director of the Department of Industrial Relations of an application of the person injured for compensation, the above facts appeared, without contradiction, from the evidence adduced, an award of compensation to the claimant was as a matter of law demanded, and the director erred in rendering a judgment denying compensation. The superior court therefore did not err in setting aside this

judgment. Since, as provided in section 59 of the workmen's compensation act, the superior court may recommit the case for further hearing, the superior court did not err in recommitting the case to the Department of Industrial Relations and in not rendering a final judgment.

5. The claim of compensation was not contested on the hearing upon the ground that the employer, Hart County Board of Education, did not come under the act. See *Murphy* v. *Constitution Indemnity Co.*, 172 *Ga.* 378 (157 S. E. 471); *Floyd County* v. *Scoggins*, 164 *Ga.* 485 (139 S. E. 11, 53 A. L. R. 1286); *Parker* v. *Travelers Ins. Co.*, 174 *Ga.* 525 (163 S. E. 159, 81 A. L. R. 472); *Perdue* v. *Maryland Casualty Co.*, 43 *Ga. App.* 853 (160 S. E. 720). The award was not denied upon this ground, but was denied upon the ground that the accident did not arise out of and in the course of the employment. Although the accident happened on January 9, 1933, which was prior to the approval of the act of March 24, 1933 (Ga. L. 1933, p. 184), which provided that "an insurer who issues a policy of compensation insurance to an employer not subject to this act shall not plead as a defense that the employer is not subject to the act," the insurance carrier was, upon the hearing after the approval of the act, estopped to plead as a defense that the employer was not subject to the workmen's compensation act. See *Parker* v. *Travelers Insurance Co.*, supra. The act of 1933 does not impair the contractual relations fixed in the policy of insurance between the insurance carrier and the employer. It has the effect only of placing upon the insurance carrier an estoppel to plead as a defense that the employer is not subject to the act.

6. Since the judgment of the superior court setting aside the award denying compensation is not excepted to either by Hart County Board of Education or the insurance carrier, upon the ground that the employer did not come under the act, and since the insurance carrier is estopped from insisting upon this as a defense against a claim of compensation, and since it appears conclusively and as a matter of law that the claimant is entitled to compensation as against the insurance carrier, the judgment setting aside the award denying compensation and remanding the case to the Department of Industrial Relations for a new hearing, notwithstanding it may also have set aside the award as to the employer, is affirmed. *Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 18, 1934.

*Thomas A. Fry, T. Elton Drake, J. L. Anthony,* for plaintiffs in error.

*J. H. & Emmett Skelton, Carey Skelton,* contra.