30751. WEBB *v.* GENERAL ACCIDENT, FIRE & LIFE
INSURANCE COMPANY *et al.*

PARKER, J. 1. An award made under the workmen's compensation act, involving a claimant under 18 years of age, who was represented by an attorney engaged by the claimant's father as his natural guardian, the father being present and testifying on the first hearing, before a single director, will not be set aside as improperly made on the ground that no guardian or trustee appeared for the claimant as provided by the Code, § 114-307. See also the Code, §§ 3-115 and 114-420.

2. An award made upon review by all of the directors of the State Board of Workmen's Compensation under the Code, § 114-708, setting aside a previous award by one director upon issues of fact, is conclusive as to those issues if there is any evidence to sustain it. *Fralish* v. *Royal Indemnity Co.*, 53 *Ga. App.* 557 (186 S. E. 567); *Merry Bros. Brick & Tile Co.* v. *Holmes*, 57 *Ga. App.* 281 (195 S. E. 223); *Peninsular Life Ins. Co.* v. *Brand*, 57 *Ga. App.* 526 (196 S. E. 264); *American Mutual Liability Ins. Co.* v. *Bond*, 62 *Ga. App.* 562 (8 S. E. 2d, 715); *American Mutual Liability Ins. Co.* v. *Jenkins*, 63 *Ga. App.* 777 (12 S. E. 2d, 80); *Maryland Casualty Co.* v. *Sanders*, 182 *Ga.* 594 (186 S. E. 693).

3. There was evidence authorizing the award made by the full board, and the court did not err in sustaining the award and dismissing the appeal.

    *Judgment affirmed.* *Sutton, P. J., and Felton, J., concur.*

DECIDED FEBRUARY 17, 1945.

*W. George Thomas,* for plaintiff.
*John M. & James J. Slaton,* for defendants.