31583. HARDWARE MUTUAL CASUALTY CO. *et al. v.*
MULLIS.

234

*Neely, Marshall & Greene,* for plaintiffs in error.

*T. Elton Drake, Lawton W. Griffin,* contra.

SUTTON, C. J.   Mrs. Lucile Mullis filed a claim for compensation with the State Board of Workmen's Compensation against her deceased husband's employer, Martin-Stuckey Motor Company, and the insurance carrier, Hardware Mutual Casualty Company, on account of the death of her husband, Corris Mullis, which she alleged arose out of and in the course of his employment.   The hearing director found in favor of the claimant and awarded her compensation.   On appeal, his finding and award were approved by the board.   The superior court affirmed the award, and the employer and insurance carrier excepted.

■   It was undisputed that the claimant was the widow of Corris Mullis and depended on him at the time of his death; and it was admitted that he was employed by the Martin-Stuckey Motor Company at a weekly wage of $27.50, but it was denied that the accident arose out of and in the course of his employment.

The controlling issue before this court is whether or not there is any evidence to support the finding of the single director, that the accident arose out of and in the course of the employment, which finding was approved by the full board on review and affirmed by the superior court on appeal.

There was evidence on the hearing from which the board was authorized to find that the deceased was an employee of the motor company, which also had in its employment Hubert Coleman. Coleman had on frequent occasions been sent by the motor company to Leesville, South Carolina, where he purchased automobiles which were resold by the motor company.   On several of these trips, the deceased had been sent along by the motor company as a mechanic to assist in bringing the cars back to the em-

ployer. On April 20, 1946, the president of the motor company instructed the deceased to accompany Coleman to Leesville, and for him to contact Coleman and arrange for a meeting time and place so that they could go to Leesville together, and he delivered an automobile to the deceased to be used in contacting Coleman and in going to Leesville.

Coleman and the deceased did not have any definite understanding as to the time and place they would meet and on Sunday, April 21, 1946, the deceased left his home in his employer's automobile seeking to find Coleman to make plans for leaving for Leesville. He picked up two young men, whom he later asked to go to Leesville with them to drive the cars back, and he drove to Coleman's home near Cadwell, but Coleman was not there; and the deceased then drove to a road house by the name of Chic Inn which was located off the pavement on the old Alamo road, to see if he could find Coleman there. While at Chic Inn, the deceased and a woman employee of that place drove the automobile some two or three miles to the home of some girls whom the deceased knew, and, after talking a few minutes with one of them, returned to the Chic Inn, where the deceased had left the two boys who had been riding with him.

Coleman did not come to the Chic Inn while the deceased was there, and the deceased stated that they would return to his home near Cadwell, and the woman employee said she wanted to go to Cadwell, which was between Chic Inn and Coleman's home, and the deceased permitted her to ride in the car with them. On the road between Chic Inn and Coleman's home, the car operated by the deceased collided with another car and the deceased received injuries from which he died two days later. There was other evidence, but the above is sufficient to show the material facts on which the board based its award in favor of the claimant.

Under the evidence in this case, we can not say that the finding of the board, that the death of the claimant's husband arose out of and in the course of his employment, is not supported by evidence. The fact, that the deceased, after his arrival at Chic Inn in search of Coleman, as directed by his employer, went outside of his duties in looking for Coleman and visited some acquaintances for a few minutes, did not deprive him of his status as an employee in and about his master's business after he had returned to the Inn

in search of Coleman and started to Coleman's house near Cadwell in an effort to find him and make arrangements for their leaving for Leesville, South Carolina, as directed by his employer. While the deceased may have made a temporary departure from the service of his employer, when he drove from Chic Inn to the home of some girls some two or three miles from there, and in so doing he may have for a time severed the relationship of master and servant, but when he returned to Chic Inn and reassumed the discharge of his duties to the master by endeavoring to find Coleman, as directed by the master, the responsibility of the employer for his acts reattached and his status was that of an employee acting in the course of and within the scope of his employment at the time he was fatally injured in the automobile accident. *Parks v. Maryland Casualty Co.,* 69 *Ga. App.* 720, 723 (26 S. E. 2d, 562), and citations.

The finding of fact by the State Board of Workmen's Compensation is supported by some competent evidence, and, there being no fraud involved and the finding not being contrary to law, is conclusive on this court. Code, § 114-710; *Davis* v. *American Mutual Liability Insurance Co.,* 72 *Ga. App.* 783, 787 (35 S. E. 2d, 203), and citations.

■ The defendants contend that because Coleman, a witness for the claimant, had made unsworn statements in writing to the defendant insurance company which materially conflicted with his sworn testimony on the hearing and because his testimony on the hearing was in conflict with that of certain other witnesses, that the board was not authorized to believe any of his testimony and should have disregarded it. While a party may seek to impeach a witness by evidence showing that such witness had made statements outside of the trial which materially conflicted with his sworn testimony, Code, § 38-1803; *Georgia Power Co.* v. *Gillespie,* 48 *Ga. App.* 688, 699 (173 S. E. 755) ; *Sweet* v. *Awtrey,* 70 *Ga. App.* 334, 340 (28 S. E. 2d, 154), or a party may seek to impeach such witness by proof by other witnesses that the facts are otherwise than the witness has stated them in his testimony (Code, § 38-1802; *Reaves* v. *Columbus Electric & Power Co.,* 32 *Ga. App.* 140, 122 S. E. 824) ; nevertheless, under the facts of this case and the law applicable thereto, whether or not the witness had been successfully impeached and the weight to be given to his testimony

was a matter exclusively for the fact-finding body. Code, § 114-710. Also, see the Code, §§ 38-1805, 38-1806; *Bradberry* v. *Lumbermen's Mutual Casualty Co.,* 60 *Ga. App.* 576, 580 (4 S. E. 2d, 486); *Ramsey* v. *Atlanta,* 15 *Ga. App.* 345 (2) (83 S. E. 148).

 There being competent evidence in the record to substantiate the finding of fact and award of the hearing director, which was approved by the whole board and affirmed by the judge of the superior court on appeal, that the accident in which the claimant's husband received the injuries which caused his death arose out of and in the course of his employment, this court will not disturb the award made by the board allowing compensation to the claimant. *Maryland Casualty Co.* v. *Brown,* 48 *Ga. App.* 822 (173 S. E. 925); *Travelers Insurance Co.* v. *Bacon,* 30 *Ga. App.* 728 (119 S. E. 458).

*Judgment affirmed. Felton and Parker, JJ., concur.*