31982. ATLANTIC COMPANY *v.* STREETMAN.

Decided June 18, 1948. Rehearing denied July 8, 1948.

Rupert A. Brown, for plaintiff in error.
Jake B. Joel, contra.

PARKER, J. Dorsey Edward Streetman received an injury to his left arm caused by contact with the saws on an ice-scoring machine, while in the employ of the Atlantic Company. The company refused compensation and he applied to the State Board of Workmen's Compensation for a hearing. The single director made a finding and an award in his favor. The company appealed to the full board which affirmed the award of the director. This award was affirmed by the superior court and the exception is to that judgment.

The employer was engaged in the business of manufacturing and selling ice, and for that purpose maintained an ice plant and storage house in Athens, Georgia. The claimant's duties as an employee were those of a truck driver and delivery-man. He drove a truck of the employer in delivering ice, and upon exhausting the supply he would return to the plant to replenish it. The claimant, on the date of the injury, returned to the plant of the employer at about 2 p. m. for the purpose of replenishing his supply of ice. As was his custom, he procured an order from the platform manager for the amount of ice he needed. He removed the ice from the storage room, running the large blocks through a scoring machine which marks the blocks so that they can be accurately cut into smaller ones. The ice passed through the scoring machine and by means of a chute to the outside platform where it was loaded upon the truck driven by the claimant. The operations incidental to loading the ice, including the scoring of the blocks, were performed by the claimant and a helper. After the ice was loaded upon the truck, the claimant instructed his helper to cover it with canvas used for the purpose. The claimant then returned to the storage room in which the scoring machine was located.

The evidence from this point is somewhat in conflict. The claimant testified that he returned to the room to find out whether his helper had turned in the order slip to the platform manager, as was his duty, after the ice had been loaded; that he had to pass by the saws on the scoring machine; that as he entered the room he came into contact with the saws but did not know whether he "slipped or tripped," thus sustaining the injury to his left arm. A witness for the employer testified that the claimant stuck his arm into the saw in trying to pick up

a handful of chipped ice or "snow" left by the saws from the scoring of the blocks of ice, and was thereby injured. The director found as a matter of fact that this was the way in which the claimant was injured. He also found that there was a custom of employees to reach between the guard and the saw on the scoring machine to get the snow deposited there; and that the claimant had not been guilty of misconduct that would bar his recovery of compensation.

The judge of the superior court, in a written opinion affirming the award, after reviewing the evidence, said this: "There was ample evidence to sustain the award, and, under the rulings of our courts, if there is any evidence to sustain an award the same is conclusive as to those issues, and in the absence of fraud such award can not be set aside. . . It may be contended that there was conflict in evidence, but in the opinion of this court there was sufficient evidence on which the Industrial Board [State Board of Workmen's Compensation] could base an award." We agree with the statement of the trial judge that the award was supported by the evidence, and the superior court did not err in affirming it. *Givens* v. *Travelers Ins. Co.,* 71 *Ga. App.* 50 (30 S. E. 2d, 115): *Webb* v. *General Accident &c. Life Ins. Co.,* 72 *Ga. App.* 127 (33 S. E. 2d, 273); *Reeves* v. *Royal Indemnity Co.,* 73 *Ga. App.* 2 (35 S. E. 2d, 473); *Armour & Co.* v. *Price,* 73 *Ga. App.* 676 (37 S. E. 2d, 634). We think this case is controlled by the well-settled principles announced in the authorities cited.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*