32633. WILCOX *v.* SHEPHERD LUMBER CORPORATION.

DECIDED OCTOBER 7, 1949.

*C. W. Heath,* for plaintiff.

*W. S. Mann,* for defendant.

SUTTON, C. J.   Arrinzie Wilcox filed with the State Board of Workmen's Compensation a claim against the Shepherd Lumber Corporation, as employer, for compensation for an injury alleged to have been sustained from an accident which arose out of and in the course of employment on February 20, 1948.

It appears from the evidence that the superintendent of the Shepherd Lumber Corporation, which is located at McRae, Georgia, approached John Moss, a part-time brick mason, who lived near Hazlehurst, in Jeff Davis County, with respect to repairing the boilers of the Shepherd Lumber Corporation at its sawmill at McRae, and Moss told the superintendent of the lumber corporation that he could repair the boilers, and he was also asked by said superintendent to bring with him any additional labor or help that he would need in repairing the boilers, as they were short of men at the mill. Moss then engaged Arrinzie Wilcox, the claimant, who was also a part-time brick mason, to help repair the boilers, and told him they would pay him $1.50 an hour and that he would be working for the Shepherd Lumber Corporation at McRae.   The claimant and other help procured by Moss to repair the boilers lived in Jeff Davis County some 20 odd miles from the mill at McRae.  Moss told the superintendent of the Shepherd Lumber Corporation that the bricklayer's time would be $1.50 per hour and that of the other men $.75 per hour, and he accordingly turned in their time and the Shepherd Lumber Corporation gave him one check for the whole amount.   No mention or arrangement for transportation was made between the lumber corporation and Moss. Moss, the claimant, and other men repairing the boilers, rode from their homes in Jeff Davis County to the mill at McRae in a private automobile the first day they worked on the boilers, and the next two or three days they went back and forth in Moss's truck, which broke down, and the lumber corporation then loaned Moss a truck to transport himself and his men from their homes to their work and back, and on the morning of the second day said truck was being used for this purpose the claim-

ant was accidentally injured in front of his home in Jeff Davis County when he was undertaking to board the truck to go to his work at the mill in McRae, while the truck was being operated by John Moss. The truck was loaned to Moss as an accommodation to transport himself and his men to and from their work, as above stated, and no charge was made therefor. Moss and his men, including the claimant, were paid for the time they worked at the mill, that is, their time started when they commenced work at the mill in the morning and stopped when they quit work there in the afternoon. There was evidence as to the manner in which the claimant was injured, the nature and extent of his injury, doctor's and hospital bills, etc. The above is only a summary of what the evidence shows, but is deemed sufficient for the purpose of this decision.

The single director found as a matter of fact: (a) that the claimant did not sustain an injury which arose out of and in the course of his employment as alleged; (2) that the claimant was not an employee of the Shepherd Lumber Corporation on February 20, 1948, the time of the alleged accident; (3) but that the claimant was an employee of John Moss; and (4) that John Moss was an independent contractor; and entered an award denying the claimant compensation; and, on appeal, the finding and award was approved by the full board. The superior court affirmed the award, and the claimant excepted.

■ In order for an injury to be compensable under the terms of the Workmen's Compensation Act, it must have been occasioned "by accident arising out of and in the course of the employment." Code, §114-102. An accident arises in the course of the employment, within the meaning of the act, "when it occurs within the period of the employment, at a place where the employee reasonably may be in the performance of his duties, and while he is fulfilling those duties or engaged in doing something incidental thereto. . . An accident arises 'out of' the employment when it arises because of it, as when the employment is a contributing proximate cause. This and the conditions stated above must concur before the act can apply." *New Amsterdam Casualty Co.* v. *Sumrell*, 30 *Ga. App.* 682 (2-a) (118 S. E. 786). And the burden is on the claimant to prove that the injury for which compensation is sought arose out of

and in the course of the employment, before compensation can be awarded legally to the claimant. *Harper* v. *National Traffic Guard Co.*, 73 *Ga. App.* 385, 387 (36 S. E. 2d, 842).

■ The plaintiff in error contends that he was employed by and working for the Shepherd Lumber Corporation and that the injury complained of arose out of and in the course of said employment. Conceding, but not deciding, that the claimant was an employee of the Shepherd Lumber Corporation, as he contends, we are of the opinion that under the evidence the director of the Workmen's Compensation Board was authorized to find that the injury complained of did not arise out of and in the course of the employment. The claimant's place of work was at the defendant's sawmill at McRae, and his time started when he went to work at the mill and stopped when he quit work there in the afternoon. He was paid only for the time he worked at the mill. The contract of employment with Moss and his men did not include transportation. So far as the record shows, they could have spent their time in or around McRae or could have gone to their homes in Jeff Davis County when they were not at work at the defendant's mill. Transportation was not a part of their contract of employment nor was it incidental thereto. The first few days they worked, they traveled from where they lived in Jeff Davis County to McRae in Moss's truck and when it broke down the defendant loaned a truck to Moss as an accommodation to go back and forth from work. On the morning of the second day that John Moss used said truck the claimant received the injury complained of when he undertook to board the truck in front of his home in Jeff Davis County to go to his work in McRae. This was some 20 odd miles from the place where he worked. He was not injured at the place of his employment nor during the course of his employment. It is the general rule that a workman injured while going to or from his place of work is not in the course of his employment. "The hazards encountered by employees while going to or returning from their regular place of work, before reaching or after leaving the employer's premises, are not ordinarily incident to the employment, and for this reason injuries resulting from such hazards are in most instances held not to be compensable as arising out of and in the course of the em-

ployment." 58 Am. Jur., Workmen's Compensation, § 217. It was said by the Supreme Court in *American Mutual Liability Ins. Co.* v. *Curry*, 187 *Ga.* 342, 355 (200 S. E. 150), quoting with approval from Wood *v.* Chambers Packing Co., 190 Wash. 41 (68 Pac. 2d, 221): "A person, while going to or returning from his place of work, is not a workman 'in the course of his employment,' unless the means of transportation used by him has been furnished by his employer as an incident to, or as a part of the contract of, employment." And on page 359 of the *Curry* case it was held: "There can be no question, under the pleadings and the evidence, that Curry's employment or place of work was at the plant of the company in Macon; that his employment was by the day; that he lived in the city less than three miles from the plant; that he could have walked to and from his place of work; that at the time of his injury his work for the day had been completed; that he had left the premises of his employer and was on his way to his home; that his time was his own, unrestricted and unaffected by his employment to go whence and how he pleased; that he was doing nothing in the furtherance of the company's business. In these circumstances a finding was demanded that the injury did not arise out of and in the course of his employment. On this phase the case differs on its facts and is not controlled by the decision in *Cooper* v. *Lumbermen's Mutual Casualty Co.*, 179 *Ga.* 256 [175 S. E. 577], where the evidence was held to authorize a finding that the employment began at the Mill near Cooper's home, the work to be performed by him being twenty miles in the country, involving travel by him twenty miles from the mill in the morning and return in the evening from the place of work to the mill. The injury occurred in the morning while he was on his way from the mill to the place of work in furtherance of the business of his employer. That was not a case where an employee had finished his work for the day and left the place of work to go to his home." The present case is also different on its facts and is not controlled by the *Cooper* case. In the *Cooper* case the claimant's employment started when he reported at the mill in the morning, although he had to go from there to his work in the woods some 20 odd miles away. In the present case the claimant's employment did not begin until he reached the de-

fendant's mill at McRae and went to work and he was paid only for the time he worked at the mill.

■ It has been ruled repeatedly by this court and the Supreme Court that findings of fact by the State Board of Workmen's Compensation, if supported by any competent evidence, are conclusive, in the absence of fraud, and cannot be set aside by the courts. We are of the opinion that the finding of fact by the board, that the claimant's injury did not arise out of and in the course of his employment, was authorized by the evidence; and it follows that the award denying compensation was authorized. The judge of the superior court did not err in affirming the finding and award denying compensation.

*Judgment affirmed. Worrill, J., concurs. Felton, J., concurs in the judgment.*