## 32791. Employers Insurance Company of Alabama et al. v. Bass.

Worrill, J. 1. "An award made upon review by all the directors of the State Board of Workmen's Compensation, affirming an award by a single director upon issues of fact, is conclusive as to those issues, if there is any evidence to sustain it, and in the absence of fraud, such award cannot be set aside. See *Webb* v. *General Accident Fire &c. Ins. Co.*, 72 *Ga. App.* 127 (33 S. E. 2d, 273), and citations." *Reeves* v. *Royal Indemnity Co.*, 73 *Ga. App.* 2 (35 S. E. 2d, 473). See also *Davis* v. *American Mutual Liab. Ins. Co.*, 72 *Ga. App.* 783 (1) (35 S. E. 2d, 203), and *Armour & Co.* v. *Price*, 73 *Ga. App.* 676 (1) (37 S. E. 2d, 634). Except in plain and indisputable cases the question of whether one is an employee within the meaning of the Workmen's Compensation Act, and whether an injury received by such person was received in the course of the employment, are questions of fact for decision by the board, and a finding in regard to such questions by the board is reviewable by the courts subject to the rules of law just stated.

2. "An injury arises 'in the course of employment,' within the meaning of the Workmen's Compensation Act, when it occurs within the period of the employment, at a place where the employee reasonably may be in the performance of his duties, and while he is fulfilling those duties or engaged in doing something incidental thereto." *New Amsterdam Casualty Co.* v. *Sumrell*, 30 *Ga. App.* 682 (118 S. E. 786). "Preparations by the employee at the place of employment, to begin the work for which he is employed, is a part of the duties of the employment." *Maryland Casualty Co.* v. *Sanders*, 49 *Ga. App.* 600 (2) (176 S. E. 104), and citations (reversed by the Supreme Court on other grounds); *Williams* v. *American Mutual Liab. Ins. Co.*, 72 *Ga. App.* 205, 206 (33 S. E. 2d, 451).

3. Where the evidence authorized a finding by the director and by the board upon review, that the deceased employee, the 48-year-old husband of the claimant, went to work for the employer as a carpenter on a Friday, and worked on that day in a building which was a part of an extensive apartment house building project of the employer; that the employee, as was the custom, furnished his own carpenter's tools which he kept and carried in a toolbox weighing between 35 and 80 pounds; that on leaving work on that day he carried his tools away from the project with him, though the employer furnished a locked storage box in which he was free to leave his tools overnight; that on the following Monday morning the employee returned to the employer's field office on the project premises to ascertain whether or not they would work that day as it was raining that morning; that the employer's carpenter foreman, at about 7:45 a.m. told the employee to report back to building No. 51 where he had worked the previous Friday, which building was situated some 380 yards from the field office; that the employee picked up his toolbox and walked 300 yards carrying it, set the toolbox down, and fell dead at a place on the employer's premises, but some 80 yards from the location where he had been instructed by the foreman to go to work; that a minute or so thereafter the employer's warning whistle or siren, which customarily sounded at five

minutes of eight each morning, was sounded; that the only requirement of the employees by the employer was that the employees be at their place of work ready to go to work at 8 a.m. when the second whistle or siren was sounded, conceding, as does the plaintiff in error, that the employee suffered an accidental injury which would have been compensable if it occurred in the course of the employment, such facts, under the foregoing rules of law, authorized a finding by the director and by the board that the employee died as a result of an accidental injury received in the course of his employment, notwithstanding the fact that he had not reached the exact place where he was to perform the work for which he was hired, and that the time for his beginning his work on that particular day had not arrived, but where he was on the premises of his employer where the work was being performed, and the superior court did not err in affirming the award of compensation. This case was considered by the whole court as provided by the act approved March 8, 1945 (Ga. Laws, 1945, p. 232).

*Judgment affirmed. MacIntyre, P. J., and Gardner and Townsend, JJ., concur. Sutton, C. J., and Felton, J., dissent.*

Sutton, C. J., and Felton, J., dissenting. Assuming that the claimant's husband was an employee at the time he died, he had not entered upon his labors. His death came about as a result of a purely personal obligation and undertaking, carrying his tools to his job. The fact that the misfortune occurred on the premises of the employer is incidental and irrelevant to the issue. If the employee had obtained permission to go to work by telephone, and had died while carrying his tools to work before he reached the premises, the case would be the same. In this case the injury was not caused by a hazard of the employment or one present on the premises. The carrying of the tools was a personal obligation of the deceased, performed in preparation for work and in our opinion the case does not come within any exception to the rule that injuries occurring while persons are going to and from work are not compensable.

It is well settled that, in order for an accidental injury to be compensable under the Workmen's Compensation Act, it must arise out of and in the course of the employment. An accident arises in the course of the employment within the meaning of the act, when it occurs during the period of the employment, at a place where the employee reasonably may be in the performance of his duty, and while he is performing that duty or engaged in doing something incidental thereto, and an accident arises out of the employment when it arises because of it, as when the employment is a contributing, proximate cause; and these two essentials must concur before the act applies. We think that the uncontradicted evidence in this case demands a finding that the injury for which compensation is sought did not arise out of and in the course of the deceased's employment within the meaning of the Workmen's Compensation Law. See Code, § 114-102; *Ocean Accident & Guarantee Corporation v. Farr,* 180 *Ga.* 266, 270 (178 S. E. 728); *Georgia Casualty Co. v. Martin,* 157 *Ga.* 909, 915 (122 S. E. 881); *Independence Indemnity Co. v. Sprayberry,* 171 *Ga.* 565 (156 S. E. 230); *Aetna Casualty & Surety Co. v. Honea,* 71 *Ga. App.* 569 (31 S. E. 2d, 421); *Harper v. National Traffic Guard Co.,* 73 *Ga. App.* 385 (36 S. E. 2d, 482);

*Wilcox* v. *Shepherd Lumber Corporation,* 80 *Ga. App.* 71 (55 S. E. 2d, 382). Also, see *Maryland Casualty Co.* v. *Sanders,* 182 *Ga.* 594 (186 S. E. 693). The facts applicable to this last case are stated in 49 *Ga. App.* 600 (176 S. E. 104.)

DECIDED MARCH 9, 1950. ADHERED TO ON REHEARING MARCH 30, 1950.

*C. Baxter Jones, Powell, Goldstein, Frazer & Murphy,* for plaintiffs in error.

*T. Elton Drake, Fraser & Irwin,* contra.