35832. GENERAL MOTORS CORPORATION &c. *v.* HALL.

DECIDED JANUARY 6, 1956.

*Marshall, Greene & Neely, Burt DeRieux,* for plaintiff in error.
*Harry E. Monroe, W. Alford Wall,* contra.

QUILLIAN, J. In this opinion the plaintiff in error or General Motors Corporation is conveniently referred to as General Motors or the Motor Company, the defendant in error as the claimant and her deceased husband as the employee.

General Motors assigns the judgment of the superior court affirming the award of the State Board of Workmen's Compensation as error, for the reason that there was not sufficient competent evidence in the record to authorize the award. The motor company asserts that the evidence did not show the employee's death was caused by an accident occurring in the course of his employment for the reason that when he suffered the heart attack resulting in his death he had not begun his day's work.

There was evidence that the employee had climbed the flight of steps leading from a lower floor to that on which the time clock was situated, at about three to five minutes before the time for him to actively begin his day's work on the assembly line, and had "checked in" for that purpose when the heart attack occurred. In *Employers Insurance Co. of Ala.* v. *Bass,* 81 *Ga. App.* 306 (58 S. E. 2d 516) it is held that where an employee was, at the time he was accidentally injured, on the employer's premises and performing acts incidental and preparatory to the work that he was employed to do, and at such time was permitted by his employer to be upon the premises, the injury was in the course of his employment. So in this case we are constrained to hold that the evidence supported the finding that the employee's heart attack was an accident within the contemplation of the

Workmen's Compensation Law, suffered by the employee in the course of his employment.

■ The Motor Company further contends that the evidence did not authorize the award of compensation, and therefore the judgment of the superior court affirming it was error for the reason that the proof introduced upon the hearing of the case before the compensation board conclusively showed that the heart attack which resulted in the employee's death was not an accident arising out of his employment.

The claimant introduced evidence showing that the deceased employee's death resulted after and as a result of his ascending the flight of stairs preparatory to entering upon the duties of his employment. The evidence authorized a finding that it was necessary for him to be where he was on the premises of the employer at the time of this attack in order to begin work when the assembly line was put in motion. *Employers Insurance Co. of Alabama* v. *Bass,* supra. The fact that he had a pre-existing heart condition does not preclude recovery. *Lumbermen's Mutual Casualty Co.* v. *Griggs,* 190 *Ga.* 277 (9 S. E. 2d 84). The fact that he had had an attack, which indicated that the coronary thrombosis was in existence at 3 o'clock on the morning before he went to work on February 18 does not preclude recovery, in that the testimony of Dr. L. Minor Blackford is sufficient to show that the climbing of the steps on the premises of the employer immediately precipitated the attack. Dr. Blackford testified: "Now, as I understand your question this man had not had any—only acute symptoms until he climbed these twenty steps. Now he climbed the twenty steps and he had severe pain and after that he got worse and worse and died a few days later. I don't think there is any question that the climbing of the steps produced the pain that came on while he was climbing those steps. Now, I have been in so many arguments, I still show regard for my fellow man, when a man falls dead when he is engaged in exertion that the precipitation—immediate precipitating cause is that. Now, I am not sure whether pain that came on when he was climbing the steps, pain which was continuous resulted in his death three or four days later. I am in some doubt about that. I think that the climbing of the steps brought on the pain. Q. Well, do you think the climbing of the steps would aggravate a diseased

heart condition; is that good for a diseased heart condition? A. No, I don't think it is; . . . I think when he started climbing those steps he should have stopped as soon as the pain came on. Q. My question to you was, would climbing twenty-odd steps have any bearing on a man with a diseased heart or could that exertion bring on the attack that this man died from? A. Now, that exertion certainly could bring it on and was immediately responsible for the pain that came on, and while he was walking up those steps, and I would be inclined to think the precipitating factor—it was the precipitating factor."

Since this testimony is sufficient to show that the climbing of the stairs was the immediate precipitating cause, it matters not what combined with it to produce the attack. *Maryland Casualty Co. v. Dixon,* 83 *Ga. App.* 172 (63 S. E. 2d 272). Accordingly, a contrary finding should not be predicated upon the testimony of two witnesses who had conversations with the employee between the time of this attack and his death, the substance of which was that he had awakened about 3 o'clock on the morning of the day on which the attack cocurred with severe chest pain, shortness of breath, radiating pain in the arms and slow pulse, but that, according to one of them, he said it was intermittent, and according to the other he said it "eased off", and in any event the employee's condition improved to the extent that before going to work he got up, prepared his own breakfast, made no mention of feeling ill to any members of his family, and went on at the usual time. A finding is authorized that the employee, if he had a heart attack at 3, recovered from this attack sufficiently to go on about his daily duties, and that while climbing the steps he suffered another fatal attack.

*Judgment affirmed. Felton, C. J., Gardner, P. J., Townsend, Carlisle, Nichols, JJ., concur.*