41170.   LIBERTY MUTUAL INSURANCE COMPANY et al.
v. SKINNER.

SUBMITTED MARCH 1, 1965—DECIDED APRIL 15, 1965.

564

*Greene, Neely, Buckley & DeRieux, Burt DeRieux, James A. Eichelberger,* for plaintiffs in error.

*Vaughn & Barksdale, Charles H. Hyatt,* contra.

FELTON, Chief Judge. The burden of establishing the causal connection between the accident and the alleged injury was upon the claimant. *Wilcox v. Shepherd Lumber Corp.,* 80 Ga. App. 71 (55 SE2d 382); *Harper v. National Traffic Guard Co.,* 73 Ga. App. 385, 387 (36 SE2d 842). The principal evidence introduced by the claimant to carry this burden consisted of his own testimony, that he had hurt his leg on May 27 while pushing down a frame which was hard to push and Dr. Huff's testimony that such an injury *could* have been caused by his pushing on the pedal. Most of his evidence was contradicted by contrary testimony. Dr. Huff qualified his testimony as to the possibility of the injury's occurring from working on the machine by saying that this would be true if it were done clumsily or if his foot slipped off the pedal, etc., neither of which was shown by the evidence to have happened. A fellow worker testified that none of the pedals seemed unusually difficult to push. Although the evidence, as set out in the statement of facts hereinabove, would not demand a finding that the injury in fact was caused by the claimant's going over the fence, whether by climbing, jumping or falling, or a combination of these, it did authorize the finding that he had gone over it in some manner and this, combined with Dr. Huff's testimony,

that climbing such a fence would be a more probable cause of such an injury, further weakened the claimant's contended version of the cause of the injury. The claimant's denial of having climbed the fence on that particular Saturday before the Monday on which he contends his injury occurred and his denial of having mentioned, only two and a half hours after commencing work on that Monday, the fact of his injury and his having been to a doctor, had to be weighed by the trior of fact against the contrary testimony of disinterested witnesses. The weight and credit to be given to the testimony of the witnesses and also the conflicts in the evidence are matters for determination by the board, *Weathers v. American Cas. Co.*, 94 Ga. App. 530 (1) (95 SE2d 436) and cases cited, and an award will not be set aside by the court when the solution depends, as it does here, on the credibility of the witnesses and no fraud appears. *Ocean Accident &c. Corp. v. Dean*, 44 Ga. App. 220 (160 SE 823).

The claimant having failed to carry the burden of establishing the causal connection between the accident and the injury, the board did not err in its award denying compensation. The finding of the deputy director and the full board, that "jumping from the top of such a fence" was the more probable cause of the alleged injury, while not authorized by the evidence, is not reversible error, since the award was otherwise authorized by competent evidence. See *American Mut. Liab. Ins. Co. v. Sisson*, 198 Ga. 623 (32 SE2d 295); *Fidelity & Cas. Co. v. Hodges*, 108 Ga. App. 474, 475 (1) (133 SE2d 406) and cit.

It follows that the court erred in its judgment reversing the award of the board denying compensation.

*Judgment reversed. Jordan and Russell, JJ., concur.*